Henry Alex VALDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–97–00351–CR.

Court of Appeals of Texas,
El Paso.

April 29, 1999.

Rehearing Overruled June 23, 1999.

Gregory C. Anderson, Anderson, Anderson, Bright & Crout, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## *O P I N I O N*

SUSAN LARSEN, Justice.

Henry Alex Valdez appeals his conviction for the sexual assault of R.F., an adult male with mental disabilities. A jury found Valdez guilty and sentenced him to eleven (11) years incarceration in the Institutional Division of the Texas Department of Criminal Justice with a fine of $2,500. We reverse and remand.

### *FACTS*

R.F. formerly lived in a group home, New Avenues of Hope. Appellant Henry Valdez was employed at New Avenues of Hope while R.F. lived there, and they became acquainted. In September 1996, Henry Valdez met R.F. and his roommate at a Subway Sandwich shop for dinner. During the meal, R.F. went to the bathroom and Valdez followed him.

R.F. testified about what then took place. On direct examination, the following exchange took place:

Q [Prosecutor]: What did you do when he was touching you, [R.F.]?

A: I was hitting him.

Q: Now, what was he touching you with?

A: With his hand.

Q: Did he touch you with anything else?

A: And with his penis.

Q: Where did he touch you with his penis, [R.F.]?

A: On the back.

Q: In your back?

A: Yeah.

Q: What body part, [R.F.]?

A: My ass.

Q: Now, when that happened, did he touch your ass on the outside or the inside?

A: The inside.

Q: Now, what did you do when he did that?

A: I was hitting him.

On cross-examination, R.F. stated:

Q [Defense Counsel]: So you're saying you hit him in the penis?

A [R.F.]: Yes.

Q: Okay. Could you tell us when you hit him in the penis?

A: When he was putting it in.

Q: Okay. Did that stop him from putting it in?

A: Yes.

Q: Okay. So you're able to hit him in the penis, you're telling us?

A: Yeah. But I could not take him away, because he's too strong for me. I mean—

Q: But what you're telling us is that you were able to hit him in the penis, and that stopped him. That stopped him from putting it in. Is that what you're saying?

A: Yes.

Q: Okay. So what you're telling this jury is that while you were inside the bathroom, you were able to stop—by hitting him in the penis, you were able to stop him from putting his penis inside of you?

A: Yes, sir.

On redirect examination, R.F. reiterated that Henry Valdez put his penis inside R.F.'s "ass."

Henry Valdez took the stand in his own defense and admitted entering the bathroom, but maintained he did not have sexual intercourse with R.F. on that occasion. He did testify that he touched and kissed R.F. in the Subway bathroom. He stated that he never forced sexual intercourse on R.F. Valdez added that R.F. always gave consent to Valdez's actions and that these actions had at times included sexual relations.

R.F. left the bathroom before Valdez. R.F. and his roommate both testified that they immediately fled the restaurant and hid from Henry Valdez. Later that night at their apartment, the roommate noticed blood on R.F.'s underwear.

One month later, the police were notified of the incident in the bathroom and Henry Valdez was indicted for the sexual assault of R.F.

### Lesser–Included Offense of Assault

In his first point of error, Valdez contends that the trial court erred by failing to instruct the jury on the lesser-included offense of assault.

Valdez was indicted for the sexual assault of R.F. as follows:

ALEX VALDEZ on or about the 12TH DAY OF SEPTEMBER 1996 and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, did then and there unlawfully, intentionally and knowingly, by the use of physical force cause the penetration of the anus of R.F., by means of the penis of ALEX VALDEZ without the consent of R.F.

A person commits the offense of sexual assault (among other means) if the person intentionally or knowingly causes the penetration of the anus or female sexual organ of another person by any means, without

that person's consent.[1] A person commits the offense of assault (among other means) if the person intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.[2]

In *Rousseau v. State*,[3] the Texas Court of Criminal Appeals established a two-prong test to determine whether a defendant is entitled to a charge on a lesser-included offense:

> [F]irst, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty *only* of the lesser offense.[4]

Thus, our first inquiry is whether the offense of assault is a lesser-included offense of sexual assault. If yes, our second inquiry is whether there was evidence at trial which, if believed by the jury, would prove that, if guilty, Valdez was guilty of only assault.

■ An offense is a lesser-included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suf-fices to establish its commission; or (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission.[5] Whether one offense bears such a relationship to another must be determined on a case-by-case basis because the statute defines lesser-included offense both in terms of the offense charged and in terms of the facts of the case.[6] Here, we conclude that assault was a lesser-included offense of sexual assault.[7] The State argues, however, that the second prong of *Rousseau* is not met, specifically that there was no evidence permitting the jury to find if defendant was guilty, he was guilty only of assault. We disagree.

■ In determining whether *Rousseau's* second prong is met, we review all the evidence presented at trial that would support a verdict of guilt only on the lesser charge.[8] A mere scintilla of evidence will entitle the defendant a charge on the lesser offense.[9] Defendant is entitled to a charge on a lesser-included offense if there is evidence that affirmatively rebuts or negates an element of the greater offense, or if the evidence is subject to differing interpretations, one of which rebuts or negates the crucial element.[10] The evidence may come from any source, whether produced by the State or the defendant,[11] including a defendant's own contradicted testimony.[12]

1. TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (Vernon 1994 & Supp.1999).

2. TEX. PENAL CODE ANN. § 22.01(a)(1),(3) (Vernon 1994).

3. 855 S.W.2d 666, 673 (Tex.Crim.App.), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993).

4. *Id.* (emphasis in original) (emphasis added).

5. TEX.CODE CRIM. PROC. ANN. art. 37.09(1), (2) & (3) (Vernon 1981).

6. *Day v. State*, 532 S.W.2d 302, 315–16 (Tex. Crim.App.1976) (opin. on reh'g).

7. *Bryant v. State*, 705 S.W.2d 745, 747 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd).

8. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim.App.1994); *Avila v. State*, 954 S.W.2d 830, 842 (Tex.App.—El Paso 1997, pet. ref'd).

9. *Avila*, 954 S.W.2d at 842.

10. *See Schweinle v. State*, 915 S.W.2d 17, 19 (Tex.Crim.App.1996).

11. *Bryant*, 705 S.W.2d at 747.

12. *Bui v. State*, 964 S.W.2d 335, 340–41 (Tex. App.—Texarkana 1998, pet. ref'd).

To be entitled to a jury charge on a lesser-included offense, it is not enough that the jury might disbelieve crucial evidence pertaining to the greater offense.[13] Neither the credibility of evidence nor whether it is controverted may be considered in determining whether an instruction on a lesser-included offense should be given.[14] Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given.[15]

Here, we believe there are three possible interpretations of the evidence presented at trial: (1) Henry Valdez completed a sexual assault on R.F.; (2) Henry Valdez committed an offensive touching of R.F. that did not amount to a sexual assault; or (3) all contact between the two men was consensual, and nothing other than touching and kissing occurred on the occasion at issue.

Initially, we note that Valdez was not entitled to a charge on assault based upon his own testimony. Consent is a defense to assaultive conduct.[16] As a defensive theory, consent vitiates sexual assault.[17] When a defendant denies guilt by invoking a recognized defense, the defendant is not entitled to a charge on a lesser-included offense.[18] Nevertheless, even where a defendant categorically denies the offense, he may be entitled to a lesser-included offense charge if other evidence exists, independent of the defendant's testimony, that satisfies the *Rousseau* factors. We believe that is the situation here.

R.F. testified repeatedly under cross-examination that he stopped Henry Valdez from putting his penis in R.F.'s anus. This evidence satisfies *Rousseau,* as it affirmatively rebuts or negates an element of sexual assault, or is subject to different interpretations, one of which rebuts or negates a crucial element, namely penetration. Thus, we conclude that in this case, a reasonable interpretation by the jury of this evidence could have eliminated one of the crucial elements of the greater offense. Consequently, it was error for the trial court not to instruct the jury on the lesser-included offense of assault.

### Harm Analysis

Finally, before we may reverse a case based upon error in the jury charge, we must determine that the error was harmful. We initially must decide the question of what standard for assessing harm we are to apply. We conclude that the "some harm" standard of *Almanza*[19] is the correct touchstone here.

Appellate courts have traditionally assayed charge error using the standard set out in *Almanza.*[20] Since the Texas Rules of Appellate Procedure were amended in September 1997, some questions have arisen as to whether we apply *Almanza* or Texas Rule of Appellate Procedure 44.2 in cases involving charge error.[21]

**13.** *Skinner v. State,* 956 S.W.2d 532, 543 (Tex. Crim.App.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998).

**14.** *Banda v. State,* 890 S.W.2d 42, 60 (Tex. Crim.App.1994), *cert. denied,* 515 U.S. 1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995); *Avila,* 954 S.W.2d at 842.

**15.** *Saunders v. State,* 840 S.W.2d 390, 391 (Tex.Crim.App.1992); *Avila,* 954 S.W.2d at 842.

**16.** Tex. Penal Code Ann. § 22.06 (Vernon 1994).

**17.** *McGahey v. State,* 744 S.W.2d 695, 697 (Tex.App.—Fort Worth 1988, pet. ref'd).

**18.** *Fraga v. State,* 940 S.W.2d 736, 738 (Tex. App.—San Antonio 1997, pet. ref'd).

**19.** *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985).

**20.** *Id.; Poole v. State,* 974 S.W.2d 892, 900 (Tex.App.—Austin 1998, no pet.).

**21.** *See State v. Toney,* 979 S.W.2d 642, 644–45 (Tex.Crim.App.1998); *McQueen v. State,* 984 S.W.2d 712, 718–19 (Tex.App.—Texarkana

With one much-discussed exception,[22] the courts seem to have arrived at a consensus that *Almanza* continues to apply in these situations. Therefore, if the error was properly preserved at trial, we will continue to use the "some harm" test of *Almanza*.[23] Here, Valdez preserved error by timely requesting a charge on the lesser-included offense of assault.[24]

■ The punishment for the second degree felony of sexual assault is 2 to 20 years imprisonment and a possible fine up to $10,000.[25] The jury assessed Valdez's punishment at 11 years and a $2,500 fine, in the middle of that range. The punishment for the Class C misdemeanor of assault, on the other hand, is a fine not to exceed $500.[26] R.F., the complaining witness, vacillated in his testimony as to what actually happened between the two men, and we think it very possible that a reasonable jury might have concluded that, while something happened which was unwelcome and offensive to R.F., it might not have been a completed sexual assault. We therefore conclude that Valdez was harmed because the jury had no option except to convict him of sexual assault or to acquit him altogether. A correct jury charge would have allowed the jury an additional option of finding Valdez guilty of an offense with a penalty much less severe.[27] We sustain appellant's first point of error.

### Lesser–Included Offense of Homosexual Conduct

■ As we have determined that this case must be reversed and remanded, and as Valdez raises no point of error which would require us to render a judgment of acquittal, we need not necessarily address Valdez's remaining points. We feel that judicial economy requires us to address Point of Error Two, however, as the issue is likely to recur on the retrial of this case. There, Valdez contends he was entitled to a charge on the lesser-included offense of homosexual conduct.

A person commits the offense of homosexual conduct if he engages in deviate sexual intercourse with another individual of the same sex.[28] "Deviate sexual intercourse," as relevant to this case, is any contact between any part of the genitals of one person and the mouth or anus of another person.[29]

The issue of whether homosexual conduct can be a lesser-included offense to sexual assault is largely undecided.[30] We need not reach this question, however, as

1998, no pet. h.); *Huizar v. State*, 966 S.W.2d 702, 709 (Tex.App.—San Antonio 1998, pet. granted); *Poole*, 974 S.W.2d at 900; *Coleman v. State*, 979 S.W.2d 438, 442 (Tex.App.—Waco 1998, no pet. h.); *Cormier v. State*, 955 S.W.2d 161, 163 (Tex.App.—Austin 1997, no pet.).

22. *Huizar*, 966 S.W.2d at 709.

23. *See also Schweinle*, 921 S.W.2d at 369.

24. Interestingly, all cases we have found discussing the alternative harm analyses of *Almanza* and Rule 44.2 have involved error which was not preserved at trial, thus triggering *Almanza's* more stringent "egregious harm" review. This appears to be the first instance in which a Rule 44.2 analysis has been rejected in favor of "some harm" review. It would make no sense to apply *Almanza* where it mandates a stricter harm analysis but reject it where it allows a less burdensome one. We therefore apply it here.

25. TEX. PENAL CODE ANN. §§ 12.33, 22.011(a)(1)(A) (Vernon 1994 & Supp.1999).

26. TEX. PENAL CODE ANN. §§ 12.23, 22.01(a)(3) (Vernon 1994).

27. *Bartholomew v. State*, 882 S.W.2d 53, 57 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

28. TEX. PENAL CODE ANN. § 21.06(a) (Vernon 1994).

29. TEX. PENAL CODE ANN. § 21.01(1)(A) (Vernon 1994).

30. *But see Murphy v. State*, 653 S.W.2d 567, 572 (Tex.App.—San Antonio 1983, pet. ref'd) (assuming without discussion that homosexual conduct is a lesser-included offense of aggravated sexual abuse).

**346**

there is no evidence in this record suggesting that if Valdez is guilty, he is guilty only of homosexual conduct. Although Valdez testified that he and R.F. engaged in consensual sex on other occasions, his testimony regarding their encounter in the Subway bathroom was:

> Q: Okay. Now, did you go in that bathroom with [R.F.]?
>
> A: Yes.
>
> Q: Okay. Now, did you have sexual intercourse with him?
>
> A: No.
>
> Q: Okay. What did the two of you do?
>
> A: Well, I urinated in the urinal, and he urinated at the—the stool. And then afterwards, I just touched him, and that's all.
>
> Q: Okay. Did the two of you kiss?
>
> A: Yeah, I think so.

This testimony does not meet the definition of deviate sexual intercourse. All other evidence on the encounter comes from R.F., who clearly testified that he did not consent to Valdez's advances, of whatever character. That testimony, while raising the issue of assault, is not also subject to an interpretation that would entitled Valdez to a homosexual conduct charge. Valdez's Point of Error Two is overruled.

### CONCLUSION

We do not believe that addressing Valdez's remaining points of error will be of significant guidance to the trial court upon retrial. We therefore need not address them here. The conviction is reversed and the case is remanded for further proceedings.