**Anthony Randolph FERREL,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00936–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 13, 2000.

John Brice Carroll, Houston, for appellant.

Barbara Anne Drumheller, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## MAJORITY OPINION

DON WITTIG, Justice.

This was a short-lived bar room fight. After the trial judge refused appellant Anthony Randolph Ferrel's requested instructions on self defense, apparent danger and misdemeanor assault, a jury convicted appellant of aggravated assault. Appellant was sentenced by the jury to six years confinement and a $2,500 fine. We reverse and remand for a new trial.

### Background

Appellant was involved in an altercation in which he struck the complainant in the mouth with a beer bottle. The complainant fell to the ground, hit his head on the floor, and died. Viewing the evidence in the light most favorable to the appellant, testimony by defense witnesses, appellant, or both, established the following preceded the blow by the bottle:

— complainant was "highly intoxicated" and drank about ten (10) Jack Daniels and water;

— complainant was characterized that evening as being "obnoxious, demeaning and loud," and "arrogant, cocky, demanding, rude;"

— during the confrontation, appellant and complainant exchanged heated profanities and insults; the complainant hurled the gravest insult in reference to appellant's mother.

— appellant stated that the complainant was "coming at" him, with his back against the bar and because of various obstacles, he was unable to retreat;

— complainant was pushing into appellant;

— complainant weighed a bulky 218 pounds outweighing appellant by nearly fifty pounds;

— complainant told appellant, "why don't we just take this outside;"

— appellant stated that complainant was "really angry" and that he saw in complainant's eyes that he was going to attack him;

— as complainant's companion approached them, appellant feared both men were going to jump him;

— complainant's comrade weighed about 240 pounds, seventy pounds more than appellant.

### The Government Argues Against Self–Defense

The government argues to further restrict the right of self-defense. We are confronted with the when and how of every person's most basic right of self-defense. The issue is not simple. Because of the legislature's adoption of TEX. PEN. CODE ANN. § 9.32 limiting the amount of force that can be used to defend oneself, the interplay of the lesser assault issue now plays a critical role in determining

whether or not every Texan still maintains the right to defend themselves. Stated otherwise, by engineering the charge to exclude misdemeanor assault, the government can completely deprive Texans of their right to self-defense. This is so because under TEX. PEN.CODE ANN. § 9.32, one does not have a legal right to use deadly force except to protect oneself from deadly force. Therefore, by eliminating simple assault from the court's charge, self-defense is also scuttled. We therefore first address appellant's second issue that the trial court erred in refusing to submit a jury instruction on the lesser-included offense of misdemeanor assault.

### Lesser–Included Misdemeanor Assault

■ A defendant is entitled to a charge on a lesser-included offense where the proof of the charged offense includes the proof required to establish the lesser-included offense and there is some evidence permitting a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser-included offense. *See Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim.App.1999). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Id.* Essentially, the evidence should establish the lesser-included offense as a "rational alternative" to the charged offense. *See id.* This is accomplished if the evidence "casts doubt" on an element of the greater offense, providing the jury with a rational alternative by voting for the lesser-included offense. *See id.*

A person commits the offense of misdemeanor assault if he intentionally, knowingly, or recklessly causes bodily injury to another. *See* TEX. PEN.CODE ANN § 22.01(a)(1) (Vernon 1994). A person commits the offense of aggravated assault

if he commits misdemeanor assault and either: (1) causes serious bodily injury to another, or (2) uses or exhibits a deadly weapon during commission of the assault. *See* TEX. PEN.CODE ANN. § 22.02(a) (Vernon 1994). "Serious bodily injury" is defined as any injury that "creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PEN.CODE ANN. § 1.07(a)(46).

To be entitled to an instruction on the lesser-included offense of misdemeanor assault, there must have been some evidence permitting a jury to find appellant did not cause serious bodily injury and that appellant did not use or exhibit a deadly weapon.

■ The record shows appellant's expert testified the complainant did not in fact suffer a serious bodily injury by the blow from the bottle. The expert opined complainant died as a result of hitting his head on the floor, his heavy alcohol consumption, and other factors. To the inquiry whether the bottle, in the manner of its use, was capable of causing serious bodily injury, the expert opined, "you cannot get enough force, and it's in the wrong place to generate a significant head injury or lethal head injury." Appellant too testified he did not intend to kill complainant or cause him serious injury and that he only hit complainant with the bottle to "get him away from me." [1]

■ Thus the lesser assault issue is raised. Appellant provided sufficient evidence for a jury to reasonably find complainant did not suffer a serious bodily injury from the blow by the bottle alone and that appellant did not use or exhibit a deadly weapon.[2] Therefore, the trial court

---

1. It seems to us that a beer bottle should not always be considered a "deadly weapon," or the act of hitting someone with a bottle inevitably the cause of serious bodily harm.

2. We disagree with the dissent that appellant's brief fails to address the issue of wheth-

er he used a deadly weapon. Briefing rules are to be construed liberally. *See* TEX.R.APP. P. 38.9. While there was not a discrete point of error regarding deadly weapon in appellant's brief, he did point to the record where he timely requested a definition on deadly weapon in the charge, but was denied. Ap-

erred by not including the lesser-included offense in the charge. Appellant's issue number two is sustained.

## Self–Defense and Apparent Danger

■ Appellant's first and third issues contend that the trial court erred in refusing his request for a jury instruction on self-defense and apparent danger. We will not address apparent danger because it is not necessary to the disposition of this appeal.

Though the State may have provided more than ample proof appellant could have used deadly force, the issue was not conclusively proven to the exclusion of simple assault and the issue of self-defense.[3] By the expert's testimony that the complainant did not in fact suffer a serious bodily injury by the blow from the bottle, that the bottle, in the manner of its use, was incapable of causing serious bodily injury, and appellant's testimony he did not intend to kill complainant or cause him serious injury and that he only hit complainant with the bottle to "get him away from me," the defense controverted the State's deadly force evidence, thereby raising the factual dispute. As such, the jury was entitled to disregard the State's evidence on use of deadly force and believe the defense's version.

pellant also manifestly raised self-defense and the lesser assault issue, which, as we have elaborated, are inextricably intertwined with deadly force. The issue was thus briefed in a manner that substantially complied with Tex. R.App. P. 38. Appellant sufficiently raised the issue and is therefore entitled to have that issue determined by us.

**3.** The argument that the jury found appellant to have used deadly force by implication because it ultimately found appellant guilty of aggravated assault (of which deadly force is an element) begs the issue at hand. That is, Was there sufficient evidence raised at trial to include self-defense in the charge? The proper resolution of that question would have required a specific determination by the jury of whether appellant used deadly force *prior* to their reaching the verdict.

■ Because the determination of deadly force was not properly and orderly made [4], the defendant was denied the opportunity to have a legitimate self-defense issue presented. Not surprisingly, during deliberations, the jury asked on their own whether they could consider self-defense and they, like appellant, were denied the opportunity. The right of self-defense [5] is at least as fundamental to freedom and liberty as free speech, the right to vote, and trial by jury.

## Harm Analysis

■ We must first determine whether the court's failure to charge the jury on a lesser included offense or self defense in this case requires us to conduct a harm analysis under the "Constitutional Error" standard of Tex.R.App. P. 44.2(a) or the "Other Errors" standard of Tex.R.App. P. 44.2(b). It is well-established that due process requires that a lesser included offense instruction be given in a capital case when the evidence warrants such an instruction. *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). However, we are aware of no clear authority holding this to be a federal or state constitutional requirement in a non-capital case. But because, as discussed below, we find these errors violated a substantial

**4.** Section 9.31 outlines the conditions under which one may use force to protect against non-deadly force. This section is not applicable in a case in which a defendant has used deadly force. Section 9.32 permits the use of deadly force, but only to protect oneself against the immediate threat of deadly force. Therefore, to determine which section, if either, applies, the question of whether appellant used deadly force must be resolved. In denying appellant's request for an issue on self-defense, the court appears to have incorrectly assumed deadly force was conclusively proven in that it only analyzed the request under Section 9.32.

**5.** James Bowie, Antonio Fuentes and William Barrett Travis would not comfortably rest if they thought for one moment that modern Texans' right to defend themselves was in jeopardy.

right of appellant, we need not decide here whether appellant's constitutional rights were violated.

Tex.R.App. P. 44.2(b) provides: "Any other [non-constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."

"A 'substantial right' is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997).

▬▬ In considering harm, the entire record must be reviewed to determine whether the error had more than a slight influence on the verdict. *See King,* 953 S.W.2d at 271 (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); *Reeves v. State,* 969 S.W.2d 471, 491 (Tex.App.—Waco 1998, pet. ref'd). If the court finds that the error did have more than a slight influence on the verdict, it must be concluded that the error affected the defendant's substantial rights in such a way as to require a new trial. *Reeves,* 969 S.W.2d at 491. If the court has grave doubts about the error's effect on the outcome, the case must be remanded for a new trial. *Id.* Otherwise, the court should disregard the error. *Id.*

The charge in this case left the jury with the sole option of either convicting the defendant of the greater offense of aggravated assault or acquitting him. It found him guilty of aggravated assault, a second degree felony, and assessed six years confinement and a $2,500 fine. The range of punishment for a second degree felony is two to twenty years imprisonment plus a fine of up to $10,000. Tex. Pen.Code Ann. § 12.33 (Vernon 1999). The lesser included offense of simple assault is a Class A misdemeanor. Had the jury been allowed to consider the lesser assault and found appellant guilty of it, the maximum punishment it could have assessed is far less severe: one year in jail and a $4,000 fine. Tex. Pen.Code Ann. § 12.21. Because of this, the jury was denied the opportunity to consider the entire range of offenses presented by the evidence. The jury was given only one option. The trial court eliminated not only the lesser included simple assault but also per force, self defense. The jury seeking an avenue to find some culpability of appellant, could only find the greater offense. The jury seeking to an avenue to find self defense was met with a dead end street. *See Saunders v. State,* 913 S.W.2d 564, 571 (Tex.Crim.App. 1995). We hold that the failure to submit the lesser included offense instruction amounts to at least "some harm" under *Almanza/Airline v. State,* 721 S.W.2d 348 (Tex.Crim.App.1986). Patently this harm affects a "substantial right" of appellant. *See* 44.2(b).

The jury was also concerned about appellant's mental state by explicitly asking during deliberations whether it could consider self-defense. By asking the question, we may infer it likely was willing to consider appellant was guilty of a less culpable mental state than that required in felony assault. Because of this, it is more likely the jury would have found appellant's mental state was such that he would have only been guilty of the lesser assault, had it been allowed to consider it.

The jury's *sua sponte* request on self-defense is powerful, if not conclusive, evidence of its willingness of at least one juror's desire to seriously consider it and that appellant was thus harmed by its omission. The jury's inability to consider self-defense may have had even greater consequences than its inability to consider lesser-included offense. Rather than merely assess a shorter jail term and a smaller fine in the lesser-included offense context, had the jury believed appellant's version of events pertaining to self-defense, appellant would have been entitled to an acquittal. In effect appellant was totally denied the opportunity to present his version of the evidence to the jury via proper instructions. Appellant was thus

deprived of the fundamental right to defend himself in the face of harm.

In light of these circumstances, we believe the failure to instruct the jury on the lesser assault and self-defense had a substantial and injurious effect or influence in determining the jury's verdict.[6]

The judgment of the trial court is reversed and remanded for a new trial.

RICHARD H. EDELMAN, Justice, dissenting.

Anthony Randolph Ferrel appeals a conviction for aggravated assault on the grounds that the trial court erred by refusing his requests for jury instructions on self-defense, apparent danger, and the lesser-included offense of misdemeanor assault. For the following reasons, I would affirm.

## Background

During an altercation, appellant struck the complainant in the mouth with a beer bottle. The complainant fell to the ground, hit his head on the floor, and died from the resulting injuries. Appellant was charged with aggravated assault, found guilty by a jury, and sentenced by the jury to six years confinement and a $2500 fine.

## Lesser–Included Offense Instruction

A defendant is entitled to a charge on a lesser-included offense if: (1) proof of the charged offense includes the proof required to establish the lesser-included offense;[1] and (2) there is some evidence in the record that if the defendant is guilty, he is guilty of *only* the lesser-included offense. *See Moore v. State*, 999 S.W.2d 385, 403–04 (Tex.Crim.App.1999).

A person commits the offense of misdemeanor assault if he intentionally, knowingly, or recklessly causes bodily injury to another. *See* Tex. Pen.Code Ann § 22.01(a)(1) (Vernon 1994). A person commits the offense of aggravated assault if he commits misdemeanor assault and either: (1) causes serious bodily injury to another, or (2) uses or exhibits a deadly weapon during commission of the assault. *See id.* § 22.02(a).

In this case, appellant's indictment alleged that he both caused serious bodily injury to the complainant and that he did so by striking him with a deadly weapon, namely a bottle. Therefore, for appellant to have been entitled to an instruction on the lesser-included offense of misdemeanor assault, there must have been some evidence *both* that the complainant did not suffer a serious bodily injury (or, if he did, appellant did not cause it) *and* that appellant did not use or exhibit a deadly weapon

---

6. We also note that, for the reasons stated above, this case also warrants reversal under the "some harm" test of *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985). In a number of subsequent cases, the Court of Criminal Appeals has found there to be "some" harm and reversed because of the omission of a lesser-included offense. *See, e.g., Mitchell v. State*, 807 S.W.2d 740, 742 (Tex.Crim.App. 1991); *Hayes v. State*, 728 S.W.2d 804, 810 (Tex.Crim.App.1987); *Gibson v. State*, 726 S.W.2d 129, 133 (Tex.Crim.App.1987); *Moreno v. State*, 702 S.W.2d 636, 641 (Tex.Crim. App.1986). While many courts continue to follow *Almanza*, it seems to us the amendments to the Texas Rules of Appellate Procedure effective September 1, 1997 may also require us to perform a harm analysis either under 44.2(a) *Constitutional Error*, or under 44.2(b) which globally includes "Other Er-

rors." *See* Tex.R.App. P. 44.2. The *Almanza* line of cases as well as *Beck, supra*, suggest this type of charge error, denial of self defense and misdemeanor assault, are of the constitutional nature. *Cf. Valdez v. State*, 993 S.W.2d 340, 344–45 (Tex.App.-El Paso 1999, no pet.). Arguing in favor of the continued use of *Almanza* vis a vis R 44.2 is the proposition that the rule making authority of the Court of Criminal Appeals may not abridge, enlarge or modify substantive rights of accused. *See Lyon v. State* 872 S.W.2d 732, 735 (Tex.Crim.App.1994). Accordingly, we choose the safer course of analysis under both standards.

1. It is undisputed in this case that misdemeanor assault is a lesser included offense of aggravated assault.

because the existence of either would mean that appellant was not guilty of only the lesser offense.[2]

### Unassigned Error

The majority opinion concludes that appellant was entitled to an instruction on the lesser included offense of misdemeanor assault, in part, because the evidence raised an issue whether striking the complainant with the bottle constituted the use of a deadly weapon. However, whether or not the evidence actually raised any such issue (which is also discussed below), the portion of appellant's brief concerning the lesser included offense charge addresses only whether the complainant suffered a serious bodily injury and not whether hitting the complainant with a beer bottle constituted the use of a deadly weapon:

### SECOND POINT OF ERROR (RESTATED)

THE TRIAL COURT ERRED IN REFUSING TO GRANT APPELLANT'S REQUESTED CHARGE ON A LESSER INCLUDED OFFENSE, NAMELY MISDEMEANOR ASSAULT

### BRIEF OF THE ARGUMENT UNDER THE SECOND POINT OF ERROR

The charge submitted to the jury included the following:

A person commits the offense of assault if he intentionally, knowingly or recklessly causes bodily injury to another.

A person commits the offense of aggravated assault if he commits assault, as defined above, and the person:

(1) caused serious bodily injury to another; or

(2) uses or exhibits a deadly weapon during the commission of the assault.

Appellant timely and properly requested an issue on misdemeanor assault. The trial court denied the request.

A charge on a lesser included offense is required when there is evidence that the defendant, if guilty, is only guilty of the lesser offense. The jury charge defined both "bodily injury" and "serious bodily injury." *It is conceivable that the jury could have found Appellant guilty of only misdemeanor assault if they found that the victim, Mr. McManus, suffered only bodily injury and not serious bodily injury.* The medical examiner's testimony described injuries to the mouth suffered by Mr. McManus. While she testified that the base of the beer bottle can sometimes cause death or serious bodily injury, she testified she did not know that Mr. McManus had been hit in the mouth with a beer bottle. A defense expert testified that getting hit in the mouth with a beer bottle would not cause a "... significant head injury or lethal head injury." [3] Thus, it is conceivable that the jury could have found Appellant guilty only [of] the lesser included offense of misdemeanor assault. Appellant properly preserved error by timely requesting the inclusion of misdemeanor assault in the charge. The trial court's error was clearly harmful to Appellant. Appellant is entitled to a new trial.

(emphasis added) (citations omitted).

Although appellate courts must *uphold* trial courts' decisions if they are correct under any theory of law applicable to the

---

2. Appellant's brief does not challenge the sufficiency of the evidence to show either that he seriously injured the complainant or that he used a deadly weapon to do so, but only whether he was entitled to additional jury instructions.

3. Although in another context this statement could also support an argument that the bottle was not a deadly weapon, its context in appellant's brief demonstrates that it is being asserted only to support the contention that the complainant did not suffer a serious bodily injury.

case,[4] we may not *reverse* decisions under any applicable theory of the law, but must confine the grounds for reversal to those presented by the appellant. In this case, because appellant's brief asserted only that there was evidence of no serious bodily injury and not that there was also evidence that appellant did not use or exhibit a deadly weapon, it failed to establish that appellant was entitled to a charge on the lesser included offense of misdemeanor assault. By reversing the trial court's judgment on a ground *it* has constructed rather than one presented in appellant's brief, the majority opinion has abandoned the court's position of impartiality in this case.

### Evidence of Guilt of Only the Lesser Offense

To find evidence that appellant was entitled to the lesser-included offense instruction, the majority opinion states:

> The record shows appellant's expert testified the complainant did not in fact suffer a serious bodily injury by the blow from the bottle. The expert opined complainant died as a result of hitting his head on the floor, his heavy alcohol consumption, and other factors. To the inquiry whether the bottle, in the manner of its use, was capable of causing serious bodily injury, the expert opined, "you cannot get enough force, and it's in the wrong place to generate a significant head injury or lethal head injury." Appellant too testified he did not intend to kill complainant or cause him serious injury and that he only hit complainant with the bottle to "get him away from me."

### Serious Injury and Causation

Appellant's expert was a medical examiner who had reviewed the complainant's autopsy report. When asked by defense counsel why he believed the complainant had not *died* as a result of the injuries to his mouth, the expert first stated his understanding that the complainant had been struck on the mouth with a beer bottle, then stated, " You can't get enough force, and it's in the wrong place to generate a significant head injury or lethal head injury."

It is undisputed in this case that the complainant suffered a serious injury when his head hit the floor after he was struck by the bottle and fell. On appeal, however, appellant and the majority opinion seek to confine the scope of the relevant injury to that suffered by the complainant solely from the immediate impact of the bottle, excluding that from striking his head on the floor.

Regardless whether conduct, such as an assault, causes a particular result, such as an injury, directly or indirectly, a person is nevertheless criminally responsible for the result if it would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor was clearly insufficient. *See* Tex. Pen.Code Ann. § 6.04(a) (Vernon 1994). In this case, the jury charge did not include an instruction under section 6.04(a), and appellant does not assign error to any such omission. Thus, regardless whether being struck in the mouth with the bottle was a direct or only indirect cause of the injuries suffered when the complainant hit his head on the floor, the jury was not authorized to determine that appellant was not criminally responsible for those injuries under section 6.04(a). Therefore, we are not at liberty to reverse the conviction on the basis that the scope of the injury suffered for purposes of satisfying the aggravating element of the offense is limited to that sustained by the complainant solely from the immediate impact of the bottle and not that suffered from striking his head on the floor.

---

4. *See, e.g., Prystash v. State,* 3 S.W.3d 522, 527 (Tex.Crim.App.1999). This is true even if the trial judge failed to give a reason or gave a wrong reason for the ruling. *See id.*

### Deadly Weapon.

A "deadly weapon" includes "anything that in the manner of its [actual] use or intended use is capable of causing death or serious bodily injury." *See* TEX. PEN.CODE ANN. § 1.07(a)(17)(B) (Vernon 1994). "Serious bodily injury" includes any injury that "causes ... serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PEN.CODE ANN. § 1.07(a)(46). Combining these two definitions, a deadly weapon includes, among other things, any object that is capable of causing permanent disfigurement or loss or impairment of the function of any body part. Thus, for there to be evidence that the bottle in this case was not a deadly weapon, there must have been evidence that neither its actual nor intended use was capable of causing disfigurement or impairment.

As to intended use, appellant testified that he did not intend to kill or seriously injure the complainant. With regard to the actual use of the bottle, the majority opinion relies on the previously referenced testimony of appellant's expert medical examiner that a blow to the mouth with a beer bottle lacks sufficient force and is in the wrong place to generate a lethal or significant head injury.

Although this testimony is some evidence that being struck with a beer bottle in the mouth cannot cause a fatal or serious head (*i.e.,* brain) injury, it does not address whether such a blow to the mouth could cause permanent disfigurement or impairment, such as in the form of a jaw or dental injury or facial disfigurement. In addition, the expert's testimony does not address whether being struck with a beer bottle in another portion of the head could cause a fatal or serious head injury. Although appellant's blow with the bottle happened to strike the complainant in the mouth, such an altercation could have also resulted, even unintentionally, in striking the complainant in the temple, eye, other area of the head that could have produced a fatal or serious brain or eye injury. The fact that it did not happen to do so in this case is not evidence that the bottle, in the manner of its actual use, was not capable of producing a serious bodily injury or thus that the bottle was not used as a deadly weapon.[5]

Having failed to offer evidence either that the bottle was not used as a deadly weapon or that the complainant did not suffer a serious bodily injury from the assault, appellant was not entitled to a charge on the lesser included offense of misdemeanor assault. Therefore, his second point of error should be overruled.

### Self-defense and Apparent Danger Instruction

Appellant's first and third points of error contend that the trial court erred in refusing his request for a jury instruction on self-defense and apparent danger because the evidence raised fact questions on those issues.

A defendant is entitled to an instruction on any properly requested defensive issue raised by the evidence, regardless whether the evidence is weak or strong, unimpeached or contradicted, or credible or not credible. *See Granger v. State,* 3 S.W.3d 36, 38 (Tex.Crim.App.1999); *Hamel v. State,* 916 S.W.2d 491, 493 (Tex.Crim.App. 1996). The defendant's own testimony alone is sufficient to raise a defensive theory requiring a charge. *See Hamel,* 916 S.W.2d at 493.

A person is justified in using non-deadly force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. *See* TEX. PEN.CODE ANN.

---

**5.** Appellant's expert made no assessment of the extent or magnitude of the injuries to the complainant's mouth. Therefore, even if the relevant injury were confined to that solely resulting from the impact of the bottle, the expert provided no evidence that the complainant had not suffered serious injury in the form of disfigurement or impairment.

§ 9.31 (Vernon Supp.2000). However, the use of force against another is not justified in response to verbal provocation alone. *See id.*

A person is justified in using *deadly* force against another if he would be justified in using force under Section 9.31, if a reasonable person in the actor's situation would not have retreated, and to the degree he reasonably believes the deadly force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force. *See* TEX. PEN. CODE ANN. § 9.32(a) (Vernon Supp. 2000). In order for a defendant to be entitled to an instruction on the use of deadly force, there must be some evidence to show that the defendant reasonably believed his use of deadly force was immediately necessary to protect himself against the use or attempted use of deadly force. *See Dyson v. State,* 672 S.W.2d 460, 463 (Tex.Crim.App.1984).[6]

Whether a defendant was *actually* attacked is immaterial; a person has a right to defend against apparent danger to the same extent as he would had the danger been real, provided that he acted upon a reasonable apprehension of danger as it appeared to him at the time. *See Hamel,* 916 S.W.2d at 493. Therefore, where evidence raises the issue of apparent danger, the court, in instructing the jury on the law of self-defense, should also instruct it that a person has a right to defend himself from apparent danger to the same extent as he would had the danger been real, provided that he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time. *See Jones v. State,* 544 S.W.2d 139, 142 (Tex. Crim.App.1976).

In this case, neither appellant nor the majority opinion contend that appellant was threatened with either real or apparent deadly force in this case.[7] Rather, the majority concludes that appellant was entitled to an instruction on ordinary self-defense, *i.e.,* using non-deadly force, because it determines that there was evidence that appellant didn't use deadly force [8] and thus did not need justification for the use of any deadly force. This conclusion is, in turn, based on the majority's assessment, discussed in the preceding sections, that there was evidence that being struck in the mouth by the bottle could not and did not cause a fatal or serious head injury to the complainant. The ma-

6. *See also Hamel v. State,* 916 S.W.2d 491, 493 (Tex.Crim.App.1996) (holding that instruction on use of deadly force was required where appellant was aware of the decedent's violent history, decedent had a gun in his car and appellant used force only after decedent had made an attempt to approach his car); *Riddle v. State,* 888 S.W.2d 1, 6–7 (Tex.Crim. App.1994) (holding that instruction on use of deadly force was not required where there was no evidence that: decedent had attempted to assault appellant, appellant could not retreat, or that decedent was armed); *Hayes v. State,* 728 S.W.2d 804, 808 (Tex.Crim.App. 1987) (holding that instruction on use of deadly force was required where complainant was armed with a coke bottle).

7. Testimony established that the complainant was intoxicated and had been obnoxious and loud during the evening. There was an exchange of words between appellant and the complainant. Appellant testified that the complainant was approaching him and, because of various obstacles, appellant was unable to retreat. As the complainant's friend approached them, appellant feared that both men were going to jump him. The complainant then stated, "why don't we just take this outside." Appellant responded, "no we don't have to" and struck complainant with the bottle. Other than appellant's claims that he felt frightened, there is no evidence to support a reasonable belief he was in immediate danger of a use of force or deadly force by the complainant. There is no evidence suggesting that complainant was armed or made any violent motions towards the appellant. Appellant testified that complainant did not raise his hands towards appellant. Nor is there evidence indicating that the complainant's companion attempted to interject himself into the confrontation. If anything, complainant's remark "let's take this outside," indicates that if complainant intended to hit appellant at all, it would not be inside the bar.

8. Again, only the majority opinion, and not appellant's brief, raises whether the use of the bottle made it a deadly weapon.

jority thus concludes that appellant was entitled to instructions on the defenses of ordinary self-defense and apparent danger in the event that the jury would find him guilty of only misdemeanor assault pursuant to the lesser included offense instruction to which it determines that appellant was also entitled.

On the contrary, because appellant was not entitled to an instruction on misdemeanor assault, as discussed above, because ordinary self-defense and apparent danger are not defenses to aggravated assault with a deadly weapon, and because there was no evidence that appellant was threatened by real or apparent deadly force, he was not entitled to instructions on self-defense or apparent danger. Therefore, appellant's first and third points of error should be overruled, and the judgment of the trial court should be affirmed.