11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

John
Green

Appellant

Vs.                   No. 11-03-00159-CR B
Appeal from Dallas County

State
of Texas

Appellee

 

The jury convicted John Green of indecency with a
child and assessed his punishment at confinement for 20 years and a $10,000
fine.  In six issues, he contends that
the trial court erred by: (1) overruling his objection to hearsay; (2)
admitting evidence of an extraneous offense because he did not receive adequate
notice that the State intended to offer evidence of that offense; (3)
permitting the testimony of a witness regarding extraneous sexual offenses
because the inflammatory impact of the testimony outweighed any probative
value; (4) failing to submit his request for a jury instruction on the lesser
included offense of assault; (5) permitting the hearsay testimony of Claudia
Rodriguez; and (6) overruling his objection to an improper jury argument by the
prosecutor.  We affirm.

Appellant contends in issue one that the trial
court erred by overruling his objection to certain hearsay testimony.  The standard for reviewing a trial court=s ruling on the admission or exclusion
of evidence is abuse of discretion.   Burden
v. State, 55 S.W.3d 608, 615 (Tex.Cr.App. 2001).  As long as the trial court=s ruling is within Athe zone of reasonable disagreement,@ there is not an abuse of
discretion.  Rachal v. State, 917
S.W.2d 799, 807 (Tex.Cr.App.), cert. den=d,
519 U.S. 803 (1996) .  We will uphold the
trial court=s
decision if it is correct on any theory of law applicable to the case.  State v. Ross, 32 S.W3d 853, 855-56
(Tex.Cr.App.2000). 








The indictment alleged that appellant committed
indecency with a child by contact between his hand and the complainant=s genitals.  The complainant=s
grandmother, appellant=s
wife, testified at trial.  She denied
telling police and Claudia Rodriguez, a caseworker with Child Protective Services,
that the complainant had told her that appellant had touched her on her vagina
or on her private part, but she admitted telling them that the complainant said
he had touched her on her legs. 
Subsequently, Rodriguez was allowed to testify, over appellant=s hearsay objection, that the
complainant=s
grandmother told her and a police detective that the complainant had told her
that appellant was Amessing
with her@ and that
Amessing@
meant touching on the private part. 
Rodriguez clarified that Aprivate
part@ meant
the vagina.

The credibility of a witness may be attacked by
any party, including the party calling the witness.  TEX.R.EVID. 607.  Extrinsic evidence of a prior inconsistent
statement of a witness may be presented after the witness has been told the
contents of such statement, the time and place, and the person to whom it was
made; has been given the opportunity to explain or deny the statement; and does
not unequivocally admit having made the statement.  TEX.R.EVID. 613(a).  Where, as here, there is no showing that the
State knew in advance that the witness was not going to testify in accordance
with the witness=s prior
statement, the trend seems to be Aa
resort to a subterfuge analysis conducted in the context of a [TEX.R.EVID.] 403
balancing approach, that the allowing of such >impeachment= would be more prejudicial than
probative.@  Barley v. State, 906 S.W.2d 27, 37
n.11 (Tex.Cr.App.1995).   Appellant made
no objection at trial nor presented any argument here based upon Rule 403.  Because the State had the right to impeach
the complainant=s
grandmother, and there being no objection based upon Rule 403, we overrule
issue one.

Appellant insists in issue two that he was not
afforded adequate notice of an extraneous offense.  Prior to the witness to the extraneous
offense being called to the stand, appellant sought a hearing outside the jury=s presence based upon his supposition
that the trial judge must determine that he was guilty of the offense beyond a
reasonable doubt before allowing evidence of the extraneous offense.  After the State argued the merits of the
testimony and argued against a preview of the testimony by the trial court, the
trial judge asked whether appellant was given notice of the extraneous
offense.  After being assured by the
State that notice had been given, the trial judge overruled appellant=s Aobjection.@ 
At that time, appellant=s
counsel stated to the court that notice had been given two days before, and the
State assured the court that notice had been given when the State Afound out.@  Counsel for appellant then asked for a
hearing under Rule 403 to determine whether the testimony would be more
prejudicial than probative.  The trial
court overruled the objection.  Appellant
never objected nor obtained a ruling on any objection that his notice of the
extraneous offense was inadequate. 
Consequently, nothing is preserved for review.  TEX.R.APP.P. 33.1(a).  We overrule issue two.  








Appellant asserts in issue three that the trial
court erred by permitting the testimony of one of his stepdaughters, the
daughter of a former spouse, over his objection that the inflammatory impact of
her testimony outweighed any probative value. 
Appellant testified in his own defense. 
When asked about his mental state when he was giving a written
statement, he said that he was in bad shape and that he was hurting and
crying.  When asked why he was crying, he
responded, AI have
never had a problem like this ever in my life before.  And I was raised up around girls all my life.@ 
He denied sexually abusing or touching the vagina of his two
stepdaughters from a prior marriage.  One
of those stepdaughters testified that, while her mother was married to
appellant, he Amessed
around@ with her
and her sister by touching their private parts when they were trying to
sleep.  She specifically said that he would
touch her on her vagina.    

The factors to consider in determining whether the
prejudicial value of extraneous offense evidence substantially outweighs its
probative value include: (1) how compellingly evidence of the extraneous
offense serves to make a fact of consequence more or less probable; (2) the
extraneous offense=s
potential to impress the jury in some irrational but indelible way; (3) the
trial time that the proponent will require to develop evidence of the
extraneous misconduct; and (4) the proponent=s
need for the extraneous transaction evidence. 
Wheeler v. State, 67 S.W.3d 879, 888 (Tex.Cr.App. 2002).   

The stepdaughter=s
testimony compellingly served to show that appellant was lying when he denied
that he had ever abused his stepdaughters. 
Such testimony always carries emotional weight and the danger of
impressing the jury in an irrational and indelible way, but this factor does
not necessarily preclude the admission of the evidence.  See id. at 889.  It does not appear from the record that the
presentation of this evidence required an extensive amount of trial time.  








The complainant testified that on the occasion in
question appellant touched her on her private part.  Appellant=s
wife, the complainant=s
grandmother, testified that the complainant told her that appellant had rubbed
her leg.  In a written statement that she
gave to police, the grandmother stated that the complainant said that appellant
was feeling Adown
between her legs.@  In a written statement, appellant stated that
he touched the complainant on the leg but that he did not recall touching her
and did not recall touching her private part. 
He said he made a bad mistake for which he was sorry.  He blamed it on drinking and the devil.  Rodriguez testified that the complainant told
her that appellant had touched her on her vagina, her private part.  As previously noted, she also indicated that
appellant=s wife,
complainant=s
grandmother, had told her and the police detective that the complainant had
indicated that appellant was messing with her, which meant that he was touching
her on her private part, the vagina. 
Appellant testified at trial, denying that he touched the complainant on
her private part.  He said he touched her
on the knee.  

In prosecutions for sexual
offenses, a successful conviction often depends primarily upon whether the jury
believes the complainant, turning the trial into a swearing match between the
complainant and the defendant.  Id.
at 888.  In this case, the defendant=s testimony denying the offense was
bolstered by his claim that he had never had a problem like this in his life
before and that he was Araised
up around girls@ all his
life.  Given this circumstance, the trial
court could have reasonably concluded that the State had a great need for
evidence to rebut appellant=s
testimony, testimony that inferred he was not the sort of person who would
molest young girls.  We hold that the
trial court did not abuse its discretion by permitting the testimony of
appellant=s
stepdaughter regarding extraneous offenses. 
We overrule issue three.  

Appellant submits in issue
four that the trial court erred in failing to submit his request for a jury
instruction of the lesser included offense of assault.  An offense is a lesser included offense if:
(1) it is established by proof of the same or less than all the facts required
to establish the commission of the offense charged; (2) it differs from the
offense charged only in the respect that a less serious injury or risk of
injury to the same person, property, or public interest suffices to establish
its commission; (3) it differs from the offense charged only in the respect
that a less culpable mental state suffices to establish its commission; or (4)
it consists of an intent to commit the offense charged or an otherwise included
offense.  TEX. CODE CRIM. PRO. ANN. art.
37.09  (Vernon 1981).

We hold that assault is not
a lesser included offense of indecency with a child by contact because it
requires proof of an additional fact that contact was offensive or provocative
at the time of the contact which was not required to be proven in a prosecution
for indecency with a child by contact, because assault differs more than simply
in injury or risk of injury, because it differs more than solely having a less
culpable mental state, and because it does not consist of an attempt to commit
the offense of indecency with a child by contact.  Ramos v. State, 981 S.W.2d 700,
701 (Tex.App. B Houston
[1st Dist.] 1998, no pet=n).








Appellant relies upon the case of Valdez v.
State, 993 S.W.2d 340 (Tex.App. B
El Paso 1999, pet=n ref=d). 
In Valdez, the court held that assault was a lesser included
offense of the offense of sexual assault. 
Id. at 343.  That case is
distinguishable because in this case the primary offense is that of indecency
with a child by contact, not sexual assault. 
We overrule issue four.  

Appellant urges in issue five that the trial court
erred by permitting Claudia Rodriguez to testify that the complainant had told
her that appellant had touched her private part, her vagina, under her clothes
with his hands and fingers.  Under
circumstances as set forth in TEX. CODE CRIM. PRO. ANN. art. 38.072 (Vernon
Pamph. Supp. 2004-2005), an outcry made by a child 12 years of age or younger,
when made to the first person 18 years of age or older, other than the defendant,
to whom the child made a statement about the offense, is not inadmissible under
the hearsay rule.  Article 38.072.  Appellant suggests that Rodriguez=s testimony did not meet the
requirements of article 38.072 because the complainant made her first outcry to
her grandmother, not to Rodriguez.  He
also argues that the State=s
summary of Rodriguez=s
testimony provided to him with the notice to introduce Rodriguez=s outcry statement is
insufficient.  The summary consisted of a
single sentence, AThe
defendant, John Green, touched the complainant=s
vagina with his hand.@








There was a dispute at trial as to what the
complainant told her grandmother about the alleged abuse.  Rodriguez testified that the grandmother told
her and a police detective that the complainant had told her that appellant had
touched the complainant on her vagina. 
The grandmother gave a written sworn statement to the police, in which
she stated that the complainant told her that appellant was Afeeling down between her legs.@ 
At trial, the grandmother testified that the complainant told her that
appellant had been rubbing on her leg. 
The trial court could have reasonably determined that the complainant=s statement to her grandmother was
nothing more than a general allusion that something in the area of sexual abuse
was occurring and not a clear description of the offense charged.  See Sims v. State, 12 S.W.3d 499, 500
(Tex.App. B Dallas
1999, pet=n ref=d.). 
It has also been held that an outcry witness is the first person who can
remember and relate at trial the child=s
statement that in some discernible manner describes the alleged offense.  See Foreman v. State, 995 S.W.2d 854,
859 (Tex.App. B Austin
1999, pet=n ref=d.). 
In this case, in view of the grandmother=s
testimony that appellant was rubbing on the complainant=s
leg combined with the conflicting statement she gave to police and Rodriguez=s testimony as to what the grandmother
told her the complainant said, the trial court could reasonably have determined
that the grandmother did not recall the statement or that any statement the
complainant made to the grandmother did not in some discernible manner describe
the alleged offense.  

As we have noted, appellant also complains that
the notice of outcry witness he was given was insufficient because the summary
of the witness=s
statement consisted of the single sentence, AThe
defendant, John Green, touched the complainant=s
vagina.@  This summary is consistent with what
Rodriguez testified that the complainant told her.  Appellant does not refer us to any testimony
by Rodriguez relating to what the complainant told her that is not included
within that brief summary.  We hold that
the trial court did not abuse its discretion in finding Rodriguez to be an
appropriate outcry witness.  

Appellant relies upon the cases of Garcia v.
State, 792 S.W.2d 88 (Tex.Cr.App.1990); In re Z.L.B., 56 S.W.3d 818
(Tex.App. B Dallas
2001), rev=d,
102 S.W.3d 120 (Tex.2003); and Dorado v. State, 843 S.W.2d 37
(Tex.Cr.App.1992).  In Garcia, the
court held that the trial court did not abuse its discretion in designating an
outcry witness, despite evidence that the complainant had told her teacher Awhat happened,@
where the evidence did not reflect details of what the complainant told the
teacher.  Garcia v. State, supra at
91-92.  We find that Garcia is
consistent with and supports our decision. 
In In re Z.L.B., 56 S.W.3d at 821-22, the court stated that the
State had the burden of establishing compliance with the mandatory provisions
of the outcry statute to render the testimony admissible.  In reversing that opinion, the Texas Supreme
Court, citing Garza, held that the defendant had the burden of showing
that the complainant had previously made a sufficient statement to an adult to
establish that that adult was the appropriate outcry witness.  In re Z.L.B., 102 S.W.3d at 122.  In re Z.L.B. is also consistent with
and supports our decision.  In Dorado,
the Texas Court of Criminal Appeals held that, where the State fails to present
to the defendant a written summary of the outcry witness=s
testimony in compliance with Article 38.072, the outcry witness=s testimony is hearsay testimony that
should be excluded.  Dorado v. State,
supra at 38.  We find that case to be
distinguishable because in this case the State did provide a written summary of
the outcry witness=s
testimony.  As previously noted, although
appellant complains that the summary given is insufficient, he does not specify
what, if anything, of substance is omitted from the summary.  We overrule issue five.








Appellant insists in issue six that the trial court erred by
overruling his objection to a prosecutor=s
improper jury argument.  The prosecutor
made the following argument: 

 

He
was trying to paint this picture of being in (sic) model citizen.  AOh,
I=m a Vietnam vet.@  

 

I think it=s
pretty pathetic, that they want to come in here and pull at your heart strings
at a time when our Country is at war and make you-all feel like he is this
Vietnam vet so have some sympathy for him. 
Well, that=s
ridiculous.  That has nothing to do with
this case.  Because, folks, you-all know
with your own common sense and what you see in the news, that child molesters,
child sex offenders --

 

At this point, counsel for appellant objected that the argument
was outside the evidence.  The trial
court overruled the objection.  The
prosecutor=s
argument continued:

They come in all colors.  They come in all shapes, all sizes, all
forms, all occupations.  So who cares
that he was a Vietnam vet?  I don=t want you-all to focus on that,
because of the trying time that our Country is in right now.  Focus on the evidence that you heard in this
case.  

 

Appellant does not specify what portion of the argument is
objectionable.  Based upon the timing and
nature of the objection, we assume that appellant objected to that portion in
which the prosecutor, based upon common sense and the news, suggested that
child molesters and child sex offenders come in all colors, all shapes, all
sizes, all forms, and all occupations. 
We first note that the prosecutor had not stated what information from
common sense and the news the jury should consider at the time appellant made
his objection and that he made no further objection after the prosecutor
completed that statement.  Even if
appellant=s
objection was not premature and even if the argument was objectionable, the
trial court=s failure
to sustain the objection was not an error that affected appellant=s substantial rights.  Consequently, because any error was not a
constitutional error, we must disregard it. 
TEX.R.APP.P. 44.2(b).  We overrule
issue six.  

The judgment is affirmed.

 

PER CURIAM

September 23, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, J., and

McCall,
J., and Hill, S.J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.