## JACK HELM ET ALS. v. B. J. PRIDGEN.

(No. 32, Tex. L. J., vol. 1, p. 162.)

APPEAL from DeWitt County.    Opinion by WINKLER, J.

§ 643. *Statement of the case.* Pridgen contracted a debt in 1862, on which a judgment was rendered against him in 1867. Under an execution issued on this judgment in September, 1872, the carriage of Pridgen was levied upon, and, over his objection that it was exempt property, not subject to forced sale, was sold. This carriage was bought by Pridgen subsequent to the passage of the act of August the 15th, 1870, which act first exempted in this state a carriage from forced sale for debt. There is no question of fraud raised, and it is admitted that Pridgen was the head of a family and owned no other carriage than the one sold. There is but one question, namely, " was, or was not, the carriage subject to sale under execution in satisfaction of the creditor's demand ? "

§ 644. *Exemptions created by law subsequent to the contract; legal remedies, how far restricted by the law in force at the date of the contract.* It seems to be well settled by repeated decisions of the supreme court of the United States, that the legal remedies for the enforcement of a contract, as they existed at the time and place of the contract, are a part of the obligation of the contract as much as if they had been embodied in the contract itself, and that any statute which would deprive the parties, or either of them, of any of those remedies as they existed at that time would be obnoxious to the constitutional inhibitions; and that whilst laws may be enacted changing the remedies provided for its enforcement at the date of the contract, yet, in changing the remedy, no substantial right of the creditor is permitted to be impaired. And there can be no question that a debtor would not be permitted to dispose of property belonging to him at the time the debt was contracted and subject to

forced sale for its payment, or so change such property, either openly or covertly, so as to save it to himself. For an exhaustive discussion of the subject, see Gunn v. Barry, 15 Wallace, 610, and the Homestead Cases, 22 Gratt. 266.

It has been well said that "the obligation of a contract is the law which binds the parties to the performance of their agreement." . . . The obligation of the debtor was to pay his debt. The right of the creditor was to enforce its payment under the laws existing at the time, which entered into and were part of the contract. The creditor had the right to subject, by execution or other legal process, the whole of the property of the debtor not then exempt by law from forced sale for the payment of debts. [22 Gratt. 289.] These authorities maintain the position that in determining the mutual rights and privileges of the contracting parties, we must look to the laws on the subject as they existed at the date of the contract. It is the laws then in force which determine the obligations of the contract and test the constitutionality of the law. We may add that the visible property and means of the debtor at the time of entering into the contract formed the basis of the credit extended, and pointed out to the creditor the security the law gave him, and the property he could legally subject to payment. The debt we are considering here was contracted in 1862. In 1870 a carriage was exempted by law from forced sale for debt. After the law making this exemption, Pridgen purchased the carriage in question. Can it be said that the carriage thus acquired entered into the obligation of the contract, or that its exemption from forced sale deprived the creditor of any right existing at the date of the contract? Or that it entered into and formed any basis upon which the credit was extended? These questions, we are of opinion, must be answered in the negative.

Exemption laws have existed in Texas since 1839, and from small beginnings have gradually extended, until

they cover a large amount of real and personal property free from liability to forced sale for debt. These laws have not only been generally sustained by the courts of last resort in Texas, but they have been liberally construed in favor of the exemption. [Cobbs v. Coleman, 14 Tex. 594; Rogers v. Ferguson, 32 Tex. 533.] Real estate acquired after judgment would be affected by the law which creates a lien on lands of the judgment debtor situated in the county where the judgment is rendered, without reference to the time it is acquired by the debtor. But the judgment creditor has no lien on personal property until levy of execution, and, as we have seen, there is no question of lien in this case.

Was the carriage subject to sale? From the best reason we can command, aided by the best authorities we have been able to find, we are compelled to respond in the negative. We are of opinion that, under all the circumstances, the carriage of appellee was by law exempt from forced sale at the time, in the manner and for the purpose it was sold. In the opinion of a majority of the court, there is no error in the judgment, and it is affirmed.

ECTOR, P. J., dissents.

January 12, 1878.                          Affirmed.