**Lionel M. DELGADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61061.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 3, 1982.

Rehearing Denied March 10, 1982.

Harry Tom Petersen, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and James C. Butts, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction of attempted rape. Punishment was assessed

at six years in the Texas Department of Corrections.

Appellant claims that the trial court erred in refusing his requested instruction defining the term "force." The indictment alleged that appellant

"... with the specific intent to commit the offense of rape, did then and there knowingly and intentionally attempt to have sexual intercourse with VALERIE LUCERO, hereinafter referred to as complainant, a female not his wife, without the consent of complainant, *by the use of force and threats*, said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended, ..." (Emphasis added)

In applying the law to the evidence, the court charged the jury as follows:

"... Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, LIONEL M. DELGADO, did, in El Paso County, Texas, on or about February 12, 1977, with the specific intent to commit the offense of rape, did then and there knowingly or intentionally attempt to have sexual intercourse with VALERIE LUCERO, hereinafter referred to as complainant, a female not his wife, without the consent of complainant, *by the use of force and threats*, said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended, you will find the defendant, LIONEL M. DELGADO, guilty of attempted rape...." (Emphasis added)

However, in giving the applicable law to the jury, the court only gave the jury the following:

"A person commits the offense of rape if he intentionally has sexual intercourse with a female not his wife without the female's consent.

"A person commits the offense of criminal attempt if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that intends but fails to effect the commission of the offense intended.

"The intercourse is without the female's consent, if he compels her to submit (participate) by any *threat*, communicated by actions, words, or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of reasonable fear of harm." (Emphasis added)

This latter instruction regarding "threats" is taken from V.T.C.A. Penal Code, Section 21.02(b)(2). Nowhere in the charge is a similar paragraph regarding "force" although it is covered by V.T.C.A. Penal Code, Section 21.02(b)(1).

■ Since the jury charge required the jury to decide if the attempted rape occurred by the use of force *and* threats, it was incumbent upon the court to set forth *all* of the law applicable to the case. *Watson v. State*, 548 S.W.2d 676 (Tex.Cr.App. 1977), footnote 3. The jury had to inquire how much force was needed in order to determine the guilt or innocence of appellant. They should have been guided by a proper charge as to the type and amount of force which would render the act criminal. Failure to distinctly set out the applicable law in the charge to the jury has been held to be material error. *Warren v. State*, 38 Tex.Cr.R. 152, 41 S.W. 635 (1897); *Jones v. State*, 10 Tex.App. 552 (1881); *Jenkins v. State*, 1 Tex.App. 346 (1876).

In the early case of *Williams v. State*, 13 S.W. 609 (Tex.Cr.App.1890), it was held:

"... [T]he charge of the court failed to instruct the jury as to the character and degree of force necessary to be used in order to constitute rape; that is, that, before they could convict defendant of the intent or attempt to rape, they must believe that he intended to use such force as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case."

■ Appellant properly preserved this error by requesting that a statutory definition of force be included in the jury charge. His requested instruction reads:

"The intercourse is without the female's consent if he compels her to submit (participate) by force that overcomes such earnest resistance as might reasonably be expected under the circumstances."

We believe that failure to include appellant's requested instruction is reversible error in that the charge as given to the jury fails to define force but authorized a conviction only upon a finding of "force *and* threats." *Harris v. State*, 522 S.W.2d 199 (Tex.Cr.App.1975); Articles 36.14 and 36.19, V.A.C.C.P. Further, the court would have been authorized in submitting the case on threats alone, but having submitted it on both "force *and* threats", the requested instruction should have been given.

The judgment of conviction is reversed and the cause remanded.