Robert Dale WARE, Appellant,

v.

The STATE of Texas, State.

No. 2–81–058–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 10, 1982.

Rehearing Denied March 3, 1982.

Discretionary Review Refused May 5, 1982.

Harold Lerew, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., and Dan Tompkins, Asst. Dist. Atty., Wichita Falls, for appellee.

Before   HUGHES,   JORDAN,   and BROWN, JJ.

## OPINION

HUGHES, Justice.

The appellant, Robert Dale Ware, was convicted of the offense of rape. The jury assessed his punishment at confinement in the Texas Department of Corrections for a term of 20 years and fine of $10,000.00.

We affirm the judgment of the trial court.

The appellant first contends that the trial court erred in failing to set aside the verdict of the jury and grant appellant a new trial because the jury considered appellant's failure to testify in his own behalf as a circumstance against him.

The appellant filed a motion for new trial attached to which were the affidavits of two jurors. An initial hearing on the motion for new trial was conducted on November 13, 1978. On the nineteenth day following the filing of the appellant's motion for new trial, November 22, 1978, the State filed a motion for an extension or continuance of the hearing so as to allow it to present testimony in opposition to the appellant's motion for new trial. The State's motion was granted and a further hearing was set for a later date. On December 7, 1978 a second hearing on the appellant's motion for new trial was conducted. Thereafter, on August 28, 1979, the appellant filed an objection to the record contending that the appellant's motion for new trial had been overruled by operation of law on November 23, 1978, and that, as a result, the hearing held on December 7, 1978 was a nullity. At the time the appellant filed his objection to the record a different judge was sitting in the stead of the judge who had theretofore presided over all the proceedings. This other judge, after conducting a hearing on the appellant's objection to the record, sustained the same and ordered that the statement of facts from the second hearing on the motion for new trial be excluded from the record.

It is uncontroverted that the second hearing took place beyond the 20 day period in which the trial court was to have acted upon the appellant's motion for new trial. V.A.C.C.P. art. 40.05 (1979). In *Johnson v. State*, 467 S.W.2d 247 (Tex.Cr.App.1971 cert. den. 404 U.S. 951, 92 S.Ct. 273, 30 L.Ed.2d 268) the trial court granted the State a continuance of a motion for new trial hearing. Jury misconduct was at issue. The appellants there contended that the hearing on the motion was a nullity because the motion had already been overruled by operation of law. It was held that, in the interest of justice, the trial court's action was proper in order to show that the affidavit attached to appellant's motion for new trial did not reflect the true facts.

■ We hold that the December 7 hearing was not a nullity. The trial court's pronouncement of sentence on December 7 is consistent with those cases which hold that a sentence should not be pronounced until the motion for new trial is overruled. *Parr v. State*, 575 S.W.2d 522 (Tex.Cr.App. 1978); *Ex Parte Shields*, 550 S.W.2d 670 (Tex.Cr.App.1977).

■ It should be noted that we have before us only the statement of facts pertaining to the first hearing on the motion for new trial. Without the statement of facts pertaining to the second hearing on the motion for new trial we are in no position to determine whether the trial court abused its discretion in overruling the appellant's motion for new trial. Thus, this question is not properly presented for review. V.A.C.C.P. art. 40.09 (Supp.1982). We overrule the first ground of error.

■ During the course of the trial a "mug shot" of the appellant was admitted into evidence. The photograph was a frontal view of the appellant with a sign hanging around his neck bearing these identification marks:

"SHERIFFS DEPT
WICHITA FALLS TEX
2283
09–19–78"

The appellant contends that the admission of this photograph was unduly prejudicial to him before the jury since the picture suggested that he was incarcerated and thus the presumption of innocence in his favor was violated.

The appellant analogizes the admission of the photograph to situations where an accused is tried before a jury while in his jail clothing, a practice which has been condemned in cases such as *Hernandez v. Beto*, 443 F.2d 634 (5th Cir. 1971 cert. den. 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174) and *Ephraim v. State*, 471 S.W.2d 798 (Tex.Cr. App.1971). The holdings in these cases were predicated upon the infringement of a fundamental right—the presumption of innocence.

We are not prepared to go so far as to hold that the admission of a photograph, at least in this case, rises to the same level of constitutional infringement as the trying of an accused in his jail clothing. The continuous presence of an accused in jail clothing "speaks" against the accused much louder than does the admission of a single "mug shot".

A police officer testified that he arrested the appellant on September 18, 1978 and took him to the city jail where he was "booked". He then transferred the appellant to the county jail. The fact that appellant had been booked was in evidence before the "mug shot" was introduced and admitted. The date displayed in the "mug shot" corresponded with the date appellant was arrested for the commission of the offense for which he was being tried. Thus, the danger of introduction of extraneous offenses was vitiated. Compare *Richardson v. State*, 536 S.W.2d 221 (Tex.Cr.App.1976) where reversible error was found due to the fact that the "mug shot" admitted therein contained identification marks indicating that the appellant therein had been arrested five months before the offense he was being tried for was committed.

Furthermore, the appellant placed identification into issue by repeatedly asking the complaining witness questions as to whether her assailant had facial hair. The "mug

shot" was admissible to indicate the appellant's appearance on or about the day he was arrested. *Laws v. State*, 549 S.W.2d 738 (Tex.Cr.App.1977).

Although it would have been better practice to remove all the identification marks from the "mug shots", we hold that the trial court did not err in admitting the photograph into evidence. The second ground of error is overruled.

The judgment of the trial court is affirmed.