**Cleveland BRYANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0221–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 30, 1986.

Charles F. Baird, Michael B. Charlton, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty. Dinah Bailey, Elaine Bratton, Harris County Asst. Dist. Attys., Houston, for appellee.

Before HOYT, SAM BASS and COHEN, JJ.

## OPINION

HOYT, Justice.

Appellant was convicted by a jury of the offense of sexual assault, Tex. Penal Code Ann. sec. 22.011 (Vernon Supp.1986), and the court assessed punishment at five years confinement. Appellant brings six grounds of error, none of which challenges the sufficiency of the evidence. We affirm.

The complainant was at the Silver Slipper Club on the night of April 21, 1984. She stayed at the club for approximately 30 minutes and ordered only one beer. Although she did not appear intoxicated when she arrived, she felt sick to her stomach and appeared disoriented and intoxicated as she prepared to leave the club. Mr. Cormier, the operator of the club, offered to take the complainant home after he first took some other women home. The sexual assault occurred as she waited for him outside the club. The appellant was apprehended at the scene by Houston Police Department officers.

In the first three grounds of error, appellant complains that the trial court failed to include instructions on three types of assault in the charge. He contends that the evidence raised the issue of a lesser included offense; and he was therefore entitled to have the jury decide the issue under proper instructions from the court.

In the application paragraph of the charge, the court instructed the jury on sexual assault as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 21st day of April, 1984, in Harris County, Texas, the Defendant, Cleveland Bryant, did then and there unlawfully, intentionally, or knowingly by the use of physical force or violence or by threatening the present use of force or violence against [complainant], not the spouse of the Defendant, cause the penetration of the vagina of [complainant] by placing his sexual organ in the vagina of [complainant] and without the consent of [complainant] then you will find the Defendant guilty of sexual assault as charged in the indictment.

The appellant requested instructions on the lesser included offense of assault as set out in Tex. Penal Code Ann. sec. 22.01(a)(1), (a)(2), and (a)(3) (Vernon Supp.1986):

(a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; or

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

 The law governing when an instruction on a lesser offense must be given is stated in *Lugo v. State,* 667 S.W.2d 144 (Tex.Crim.App.1984). In *Lugo,* the court continued to recognize that the trial court is under a duty to instruct upon the law governing any theory legitimately arising out of the evidence, whether produced by the State or the defendant. *Id.* at 146. To determine whether an instruction on a lesser included offense should be given, all the evidence presented at trial must be considered. *Id.* at 147. A two-step analysis is used when considering the evidence. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, the record must contain evidence that if the defendant is guilty, he is guilty of only the lesser offense. *Bell v. State,* 693 S.W.2d 434, 439 (Tex.Crim.App.1985) (quoting *Royster v. State,* 622 S.W.2d 442 (Tex.Crim.App. 1981)). Assault is a lesser included offense of sexual assault. *See Keeton v. State,* 149 Tex.Cr.R. 27, 190 S.W.2d 820, 823 (1945). However, instructions on the lesser offense are not automatic simply because the lesser offense is included within the proof of a greater offense. *Bell,* 693 S.W.2d at 439.

 Evidence of sexual assault was presented in the testimony of three State witnesses. The complainant testified that while she was waiting for Mr. Cormier to return, two men sexually assaulted her as a third man watched. She was unable to describe the men. A witness, Broderick Matthews, testified that he saw the appel-

lant, with his pants down, laying on top of the complainant. When Mr. Cormier returned, he saw the complainant with no clothes on and the appellant walking away from her buttoning his pants.

The only evidence possibly raising the issue of assault was appellant's own testimony. He denied having sexual intercourse with the complainant and testified that the complainant asked him to accompany her home as she stood out side the club talking to two other men. The complainant grabbed the appellant, and then one of the other men grabbed the complainant, which caused all three people to fall to the ground. This does not constitute evidence of assault that would meet the requirements set forth in sec. 22.01(a)(1), (a)(2), or (a)(3) of the Texas Penal Code, but rather that appellant committed no offense at all; therefore, a charge on the lesser offense was not required. *See McKinney v. State,* 627 S.W.2d 731 (Tex.Crim.App. 1982); *Seek v. State,* 646 S.W.2d 557 (Tex. App.—Houston [1st Dist.] 1982, no pet.).

Grounds of error one, two, and three are overruled.

In the fourth ground of error, appellant contends that the indictment is fundamentally defective because it did not allege that the complainant believed the appellant had present ability to execute the threat. This contention was brought to the court's attention in the amended motion for new trial, which the trial court overruled.

The indictment stated in pertinent part that the appellant did:

intentionally and knowingly by the use of physical force and violence and by threatening the present use of force and violence against [complainant] not the spouse of the Defendant and hereafter styled the Complainant, cause the penetration of the vagina of the Complainant by placing his sexual organ in the vagina of the Complainant and without the consent of the Complainant.

Appellant contends that this indictment failed to allege all the elements of the offense, because lack of consent was not

alleged as required by the penal code. A sexual assault is without the consent of the other person if:

(1) the actor compels the other person to submit or participate by the use of physical force or violence;

(2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat;

Tex. Penal Code Ann. sec. 22.011(b).

■ The words "force" and "threats" in the indictment have been found to sufficiently assert a lack of consent. *Brem v. State*, 571 S.W.2d 314, 317 (Tex.Crim.App. 1978); *Childs v. State*, 547 S.W.2d 613, 616 (Tex.Crim.App.1977). There is no requirement that the indictment allege the detailed facts and circumstances of the offense that made the assault nonconsensual. *Cavazos v. State*, 668 S.W.2d 435, 440 (Tex.App.— Austin 1984, pet. ref'd).

Appellant points out that there are no cases on this issue under the current statute and, therefore, urges that we follow the rationale of a line of cases in which the indictments were found to be fatally defective because of failure to allege "imminent" harm. The element of consent was the central element under the former rape statute, and continues to be central under the current sexual assault statute. There does not appear to be any reason not to follow the rationale of *Childs, Brem,* and *Cavazos.* The precise manner in which lack of consent is indicated need not be set out in the indictment.

Ground of error four is overruled.

In ground of error six, appellant contends that there was reversible error in the charge. He objected to the definition of sexual assault in the charge because it allowed the jury to convict the defendant of sexual assault without adequate proof of lack of consent. The specific paragraphs about which he complained include the ap-

plication paragraph, as previously set out, and the following definitional paragraph:

A sexual assault is without the consent of the other person if the defendant compels the other person to submit or participate by the use of physical force or violence; *or* the defendant compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the defendant has the present ability to execute the threat.

(Emphasis added.)

In order to determine if the charge contains reversible error, the entire charge, the state of the evidence, and argument of counsel must be considered. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).

■ In the present case, lack of consent is defined in the charge as set out in the current penal code. Appellant contends, however, that the jury was not properly instructed on the degree of threat necessary to constitute nonconsensual intercourse. Because the charge defines lack of consent as required by the penal code and because there is no evidence negating the complainant's belief in appellant's ability to execute the threat, there was no reversible error.

Appellant's reliance on the case of *Delgado v. State*, 628 S.W.2d 68 (Tex.Crim.App. 1982), is misplaced. In *Delgado*, the charge required the jury to decide if the attempted rape occurred by the use of force and threats. Only the term "threat" was defined in the definitional portion of the charge. The judgment was reversed because the charge failed to define "force" but authorized a conviction upon a finding of both, "force *and* threat." *Id.* at 70.

In the present case, the definitional portion of the charge is complete. It is further distinguishable from *Delgado* because conviction is authorized by proof of either force *or* threat, and not in the conjunctive.

Ground of error six is overruled.

The fifth ground of error contains the contention that the trial court erred in admitting, over appellant's timely objection, State's exhibit no. 11. This exhibit is a photograph of appellant detained by two Houston police officers next to their patrol car.

Appellant argues that the admission of this exhibit labeled appellant in the minds of the jury as a criminal destroying his presumption of innocence. As support for this argument, appellant cites *Hernandez v. Beto*, 443 F.2d 634 (5th Cir.), *cert. denied*, 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174 (1971), and *Moore v. State*, 535 S.W.2d 357 (Tex.Crim.App.1976). Those cases do not involve photographs of a defendant, but instead concern defendants being tried in handcuffs and in jail clothing. A case more on point to the one before us, that distinguishes a defendant being tried in jail clothing, is *Ware v. State*, 628 S.W.2d 249 (Tex.App.—Fort Worth 1982, pet. ref'd). In *Ware*, a "mug shot" was admissible to indicate the appellant's appearance at the time he was arrested, because appellant had placed identification in issue. Identification was not in issue in the present case; however, the police officers who arrived at the scene testified about appellant's appearance at the time he was arrested.

The officers testified that appellant's clothes were in disarray and contained grass and dirt stains. The photograph was properly authenticated, permitting the jury an opportunity to view the extent of appellant's disarray. Properly authenticated photographs have long been held admissible evidence as aids in corroborating verbal descriptions. *Harris v. State*, 661 S.W.2d 106, 107 (Tex.Crim.App.1983); *Terry v. State*, 491 S.W.2d 161, 163 (Tex.Crim.App. 1973); *Edlund v. State*, 677 S.W.2d 204, 211 (Tex.App.—Houston [1st Dist.] 1984, no pet.); *Gordon v. State*, 640 S.W.2d 743, 754 (Tex.App.—San Antonio 1982, no pet.).

Ground of error five is overruled.

The judgment of the trial court is affirmed.