In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00171-CR
______________________________


SAMUEL E. SMITH, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 76th Judicial District Court
Morris County, Texas
Trial Court No. 8702


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â In the early morning hours of April 27, 2001, Samuel E. Smith, alone in the car with L.R.,
the woman who had given him a ride home from a friend's birthday party, forcibly tore L.R.'s shirt
and bra off of her body, began pulling her hair, and told her she was going to perform oral sex on
him and he was going to engage in anal intercourse with her, though his language was, we will say,
more vivid. After struggling with Smith and crying out for help, L.R. was able to escape from Smith
before he completed any actual sexual assault.
Â Â Â Â Â Â Â Â Â Â Â Â The State indicted Smith for attempted sexual assault, but specified in the indictment only
that the sexual assault he attempted was vaginal intercourse. Smith appeals from his conviction by
a jury and his six-year sentence, contending (1) the evidence does not support his conviction, and
(2) it was error not to charge the jury on the lesser-included offense of assault by threat of bodily
injury. We find the evidence factually insufficient and reverse and remand this cause for a new trial.
Sufficiency of the Evidence
Â Â Â Â Â Â Â Â Â Â Â Â Smith first argues that the evidence is factually and legally insufficient to support his
conviction because the State did not prove the allegations of the indictment. The indictment alleges
that Smith
did then and there intentionally or knowingly attempt to cause the penetration of the
female sexual organ of [L.R.] by means of defendant's sexual organ, without the
consent of [L.R.], and the defendant did then and there by acts or words threaten to
cause, or place [L.R.] in fear that bodily injury would be imminently inflicted on
[L.R.], and said acts or words occurred in the presence of [L.R.], and such attempt
amounting to Â preparation Â that Â tended, Â but Â failed Â to Â effect Â the Â commission Â of
Â sexual assault, . . . .

The jury charge tracked the indictment. 
Â Â Â Â Â Â Â Â Â Â Â Â The evidence shows that, when the birthday party at Belinda Mercer's home ended, Mercer
agreed to give Smith a ride to his nearby home. L.R. drove Mercer's car, with Mercer in the front
seat and Smith in the back. On the way, they passed Mercer's husband's truck, and Mercer left the
vehicle to ride home with her husband. L.R. testified that, when she and Smith arrived at Smith's
home, he exited the vehicle, but then got into the front seat, yanked the keys out of the ignition,
started pulling her hair (pulling some out), and told her that she "was going to suck his dick and he
was going to fuck me in my ass." She testified that she called for help, that he ripped her shirt and
bra off, and that, at about that time, a woman came out of one of the houses and yelled that she was
calling the police. Revia testified that she and Smith continued to fight, but that she eventually
escaped and ran back to Mercer's house, a few doors down. The only other relevant testimony was
Revia's statement that Smith had, earlier that evening, asked her "if my pussy was any good and if
I had ever been with a black man." 
Â Â Â Â Â Â Â Â Â Â Â Â The Â sexual Â assault Â statute Â criminalizes Â a Â number Â of Â different Â acts Â Tex. Â Pen. Â Code
Ann. Â§ 22.011 (Vernon 2003). In this case, the indictment alleges specifically and solely that Smith
attempted, without consent, to engage in vaginal intercourse.



Â Â Â Â Â Â Â Â Â Â Â Â In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In reviewing factual sufficiency, we view the evidence in a neutral light, favoring
neither party. Id. We set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Id.
Â Â Â Â Â Â Â Â Â Â Â Â Smith argues, citing Johnson, that the evidence is insufficient to prove what the State alleged. 
That authority references a legal and factual sufficiency review under both federal and state standards
of review. The evidence is measured for sufficiency by looking at the indictment as incorporated
in the court's charge to the jury. Fisher v. State, 887 S.W.2d 49, 53 (Tex. Crim. App. 1994) (op. on
reh'g); Cates v. State, 72 S.W.3d 681, 688 (Tex. App.âTyler 2001, no pet.). In addressing this
claim, we recognize Gollihar decided that, under a state review for sufficiency, a materiality inquiry
should be made in all cases, like this one, that involve a "sufficiency of the evidence claim based
upon a variance between the indictment and the proof" and that only a "material" variance will render
the evidence insufficient. See Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001).
Â Â Â Â Â Â Â Â Â Â Â Â We also recognize that the Texas Court of Criminal Appeals created a dichotomy between
state and federal review in Gollihar. The court stated in Fuller v. State, 73 S.W.3d 250, 252 (Tex.
Crim. App. 2002), that the standard set out in Gollihar for 
measuring evidentiary sufficiency against the "elements of the offense as defined by
the hypothetically correct jury charge for the case" clearly is not the same as the 
Jackson v. Virginia standard of measuring evidentiary sufficiency against the
"substantive elements of the criminal offense as defined by state law." Compare
Jackson, 99 S.Ct. at 2792 fn. 16, with, Gollihar, 46 S.W.3d at 255.

The Gollihar construct, therefore, does not apply to our analysis of Smith's Jackson v. Virginia
evidentiary sufficiency claim.
Â Â Â Â Â Â Â Â Â Â Â Â The federal constitutional issue in this case is whether the specific conduct is a substantive
element of the criminal offense as defined by state law. Fuller, 73 S.W.3d at 252; see Jackson v.
Virginia, 443 U.S. 307, 324 n.16 (1979). As pointed out in Fuller, state law, in relevant part,
defines "element of the offense" as the forbidden conduct with the required culpability. See Tex.
Pen. Code Ann. Â§ 1.07(a)(22)(A), (B) (Vernon Supp. 2004). The relevant portions of Section
22.011(a)(1)(A) and (B) of the Texas Penal Code define the offense as occurring when a person
intentionally or knowingly causes the
(A) . . . penetration of the anus or sexual organ of another person by any
means, without that person's consent; [or] 
(B) causes the penetration of the mouth of another person by the sexual organ
of the actor, without that person's consent . . . .
State law thus defines particular physical acts as substantive elements of the offense.
Â Â Â Â Â Â Â Â Â Â Â Â In this context, the Texas Court of Criminal Appeals has reviewed the aggravated sexual
assault statute, a statute containing (in relevant part) essentially identical language. It found that
Section 22.021 set out a conduct-oriented offense in which the Legislature criminalized very specific
conduct of several different types. Tex. Pen. Code Ann. Â§ 22.021 (Vernon 2003). After
acknowledging that the statute expressly and impliedly separates the sections by "or," the court stated
each section usually entails different and separate acts to commit the various,
prohibited conduct. This specificity reflects the legislature's intent to separately and
distinctly criminalize any act which constitutes the proscribed conduct. An offense
is complete when a person commits any one of the proscribed acts. In sum, Art.
22.021 is a conduct-oriented statute; it uses the conjunctive "or" to distinguish and
separate different conduct; and its various sections specifically define sexual conduct
in ways that usually require different and distinct acts to commit. These
considerations lead us to conclude that the Legislature intended that each separately
described conduct constitutes a separate statutory offense.

Vick v. State, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999).
Â Â Â Â Â Â Â Â Â Â Â Â If, therefore, the prosecution failed to prove the charged attempted act, vaginal intercourse,
the evidence is necessarily insufficient to support the conviction under Jackson v. Virginia. 
Evidence that Smith threatened to engage forcibly in oral sex or anal sex with the victim is not
evidence he attempted to commit sexual assault by engaging forcibly in vaginal sex. The Legislature
saw fit to define different ways in which a person could commit the offense of sexual assault.


 The
proof in this case does not meet the Jackson standard because it does not constitute proof of every
fact necessary to constitute the crime charged of (attempted) sexual assault by penetration of the
victim's sexual organ. See Tex. Pen. Code Ann. Â§ 1.07(a)(22); Â§ 22.011(a)(1)(A); Gollihar, 46
S.W.3d at 246; (Jackson standard "protects the accused against conviction except upon proof beyond
a reasonable doubt of every fact necessary to constitute the crime with which he is charged").
Â Â Â Â Â Â Â Â Â Â Â Â In a review applying state law, Gollihar decided that this "materiality" inquiry requires a
determination of whether the variance deprived the defendant of notice of the charges or whether the
variance subjects the defendant to the risk of later being prosecuted for the same offense. Fuller, 73
S.W.3d at 253; see Gollihar, 46 S.W.3d at 257. In situations where the proof did not match the
indictment, cases have found wrong serial numbers, Gollihar; wrong names, Stitt v. State, 102
S.W.3d 845, 849 (Tex. App.âTexarkana 2003, pet. ref'd); mislabeling the victim as a family
member, Wilson v. State, 113 S.W.3d 785, 788 (Tex. App.âTyler 2003, no pet.); misnaming the
defendant (Jr. or Sr.), Warren v. State, 98 S.W.3d 739, 742 (Tex. App.âWaco 2003, pet. ref'd); and
misnaming the victim, Fuller, 73 S.W.3d at 252, as mismatches (variances) between allegation and
proof that were not "material." As the court attempted to explain in Fuller, if the evidence the
defendant committed the crime was otherwise sufficient, a variance that was not materialâsuch as
those listed immediately aboveâwould not make the conviction invalid.



Â Â Â Â Â Â Â Â Â Â Â Â But this situation is not like those set out above. In this case, Smith was indicted for
committing the crime of attempted sexual assault by penetration of the victim's sexual organ with
his sexual organ. The jury was so charged. The evidence was that he threatened to penetrate her
anus and her mouth with his sexual organ as he began tearing off her clothing, but that he did not
progress far enough in his efforts to show he was actually attempting to do something other than that
which he had threatened.
Â Â Â Â Â Â Â Â Â Â Â Â Is this a material variance between allegation and proof? We conclude it is. The statute
provides several different ways in which the crime of sexual assault may be committed.


 The State
could have indicted Smith on a number of different ways in which attempted sexual assault could
have been committed. The State chose one. There is factually insufficient evidence to support a
conviction on that theory. There is some evidence, however, from which an inference might be
drawn legitimately by the jury that perhaps Smith may have been attempting to engage in
nonconsensual vaginal intercourse with Revia. Accordingly, although we conclude the evidence is
factually insufficient to allow a rational trier of fact to find guilt on the crime as charged beyond a
reasonable doubt, we also conclude there is at least some evidence from which a jury might be able
to infer the existence of the charged offense.
Lesser-Included Offense Charge
Â Â Â Â Â Â Â Â Â Â Â Â Smith next contends the trial court erred by failing to charge the jury on the lesser-included
offense of assault. To determine whether a charge on a lesser-included offense should be given, this
Court has implemented a two-step test. Mathis v. State, 67 S.W.3d 918, 925 (Tex. Crim. App. 
2002); see Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); Royster v. State, 622
S.W.2d 442, 444 (Tex. Crim. App. 1981) (plurality opinion). The first step is to decide whether the
offense is a lesser-included offense of the offense charged. See Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 1981); Mathis, 67 S.W.3d at 925. The second step of the test requires us to evaluate
the evidence to determine whether there is some evidence that would permit a jury rationally to find
that the defendant is guilty only of the lesser offense. Mathis, 67 S.W.3d at 925; Wesbrook v. State,
29 S.W.3d 103 (Tex. Crim. App. 2000); Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). 
Further, the evidence must establish the lesser-included offense as a valid rational alternative to the
charged offense. Wesbrook, 29 S.W.3d at 103; Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Crim.
App. 1997). This means the evidence must allow a jury to rationally conclude the appellant was
guilty only of the lesser offense. Wesbrook, 29 S.W.3d at 103.
Â Â Â Â Â Â Â Â Â Â Â Â The Texas Code of Criminal Procedure provides that an offense is a lesser-included offense
if:
(1) it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest suffices to
establish its commission;
(3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or
(4) it consists of an attempt to commit the offense charged or an otherwise
included offense.

Tex. Code Crim. Proc. Ann. art. 37.09.

Â Â Â Â Â Â Â Â Â Â Â Â A person commits the offense of attempted sexual assault if, with the specific intent to cause
the penetration of the anus or sexual organ of another person, by any means, or the mouth of another
person with the sexual organ of the actor, without the consent of the other person, does an act
amounting to more than mere preparation that tends but fails to effect the commission of the
intended offense. See Tex. Pen. Code Ann. Â§Â§ 15.01(a), 22.011(a)(1)(A) (Vernon 2003). A person
commits the offense of assault causing bodily injury if the person intentionally, knowingly, or
recklessly causes bodily injury to another. Tex. Pen. Code Ann. Â§ 22.01(a)(1). "Bodily injury"
means physical pain, illness, or any impairment of physical condition. Tex. Pen. Code Ann.
Â§Â 1.07(8) (Vernon Supp. 2004) . Bodily injury is not an element of the offense of attempted sexual
assault. That aspect of the assault statute therefore does not apply.
Â Â Â Â Â Â Â Â Â Â Â Â There are two other ways in which assault can be committed, when a person "intentionally
or knowingly threatens another with imminent bodily injury, . . . or intentionally or knowingly causes
physical contact with another when the person knows or should reasonably believe that the other will
regard the contact as offensive or provocative." Tex. Pen. Code Ann. Â§ 22.01(a)(2), (3) (Vernon
Supp. 2004).
Â Â Â Â Â Â Â Â Â Â Â Â The argument raised before the trial court was that the threat of imminent bodily injury aspect
of the penal statute applied, that the indictment contained an allegation of threat of such injury, and
that there was evidence presented of injury to the victim. Therefore, Smith argues that, under these
facts, he was entitled to a lesser-included offense charge on assault.
Â Â Â Â Â Â Â Â Â Â Â Â Whether one offense bears such a relationship to another must be determined on a
case-by-case basis because the statute defines lesser-included offense both in terms of the offense
charged and in terms of the facts of the case. Day v. State, 532 S.W.2d 302, 315â16 (Tex. Crim.
App. 1976) (op. on reh'g); Valdez v. State, 993 S.W.2d 340, 343 (Tex. App.âEl Paso 1999, pet.
ref'd).
Â Â Â Â Â Â Â Â Â Â Â Â Typically, under Article 37.09(1) of the Texas Code of Criminal Procedure, the greater
offense has an "extra" element that the lesser offense does not, e.g., the various "aggravated" statutes
which increase the degree of an offense by "adding" an element to the base offense. Tex. Pen. Code
Ann. Â§ 20.04 (Vernon 2003) (aggravated kidnaping), Â§ 22.02 (Vernon Supp. 2004) (aggravated
assault), Â§ 22.021 (Vernon Supp. 2004) (aggravated sexual assault), Â§ 29.03 (Vernon 2003)
(aggravated robbery), Â§ 37.03 (Vernon 2003) (aggravated perjury), Â§ 49.09 (Vernon Supp. 2004)
(felony Driving While Intoxicated). In this type of situation, where the contention is made that the
facts of the case raise the issue of a lesser-included offense, we must examine the record to determine
whether the State, in presenting its case to prove the offense charged, presented facts that could
constitute the lesser offense. Bartholomew v. State, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994);
Broussard v. State, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982); Campbell v. State, No. 10-01-00233-CR, 2003 WL 67978, at *6 (Tex. App.âWaco Jan. 14, 2003, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â As the court reiterated in Bartholomew:
Whether one offense bears such a relationship to the offense charged [so as to be
considered a lesser-included offense] is an issue which must await a case by case
determination, both because the statute defines lesser included offenses in terms of
the offense charged and because it defines lesser included offenses in terms of the
facts of the case.
Bartholomew, 871 S.W.2d at 212 (citing Day v. State, 532 S.W.2d 302, 315â16 (Tex. Crim. App.
1976) (op. on reh'g)). "It is not a question of whether or not the offense charged is capable of being
established on some theory that does not show the lesser included offense." Broussard, 642 S.W.2d
at 173. Therefore, we apply Article 37.09(1) to the evidence adduced at trial to determine whether
Smith was entitled to a charge on the lesser-included offense of assault that he requested at trial. See
Tex. Code Crim. Proc. Ann. art. 37.09(1).
Â Â Â Â Â Â Â Â Â Â Â Â Comparing the two sections side by side demonstrates the comparable elements:

Â§ 22.011 Sexual Assault

Â 1)Â Â Â Â Â Â Â Â A person intentionally or knowingly
Â 
2)Â Â Â Â Â Â Â Â causes penetration of anus or sex
organ of another person without
consent, or causes the penetration of
the mouth of another person by the
sexual organ of the actor, without that
person's consent
Â 
3)Â Â Â Â Â Â Â Â compels the other person to submit by
use of physical force or violence, or
compels by threatening to use force or
violence, and the other person believes
the actor has the present ability to
execute the threat

Â§ 22.01(a)(2) Assault

1)Â Â Â Â Â Â Â Â A person intentionally or knowingly









Â 
2)Â Â Â Â Â Â Â Â threatens another with imminent
bodily injury





Â Â Â Â Â Â Â Â Â Â Â Â The State presented evidence Smith began forcibly tearing L.R.'s clothes from her body,
while using language at least suggesting he was going to force her to engage in sexual activity with
him. The jury charge itself contains language including these elements of simple assault, because,
to convict, the jury was required to find both attempted sexual assault and that Smith did, "by acts
or words threaten to cause, or place [L.R.] in fear that bodily injury would be imminently inflicted
on" her. 
Â Â Â Â Â Â Â Â Â Â Â Â Here, we conclude that assault was a lesser-included offense of sexual assault. See Valdez,
993 S.W.2d at 346; Bryant v. State, 705 S.W.2d 745, 747 (Tex. App.âHouston [1st Dist.] 1986, pet.
ref'd).
Â Â Â Â Â Â Â Â Â Â Â Â Assault causing bodily injury requires an additional element not required for the offense of
attempted sexual assault. But the State provided evidence of assault to the jury. The indictment in
this case specifically alleges the victim was placed in fear of bodily injury, and she testified she did
suffer some injuries during the altercation. 
Â Â Â Â Â Â Â Â Â Â Â Â Under the second prong of Royster, and under the unique manner in which the offense was
presented to the jury, with an indictment charging the attempted sexual assault would be
vaginalâthe one mode about which there is no direct evidence, we find there is some evidence that
would permit a jury rationally to find that Smith is guilty only of the lesser offense.
Â Â Â Â Â Â Â Â Â Â Â Â We reverse Smith's conviction and remand this cause to the trial court for further
proceedings.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â March 31, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â April 8, 2004

Publish



Times New Roman","serif"'>   








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Brock Jernigan has petitioned this
Court for mandamus relief.Â  He complains
of the trial courtÂs order denying Jernigan an appeal bond.[1]Â  Since Jernigan has an adequate remedy by
appeal, we deny his request for mandamus relief.

Â Â Â Â Â Â Â Â Â Â Â  The
standard for mandamus relief articulated by the Texas Court of Criminal Appeals
requires the relator to establish that (1) there is no adequate remedy at law
to redress the alleged harm; and (2) only a ministerial act, not a discretionary
or judicial decision, is being sought. Â State ex. rel. Young v. Sixth Judicial Dist.
Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Â Due to the nature of this remedy, it is JerniganÂs
burden to properly request and show entitlement to the mandamus relief. Â Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.ÂHouston [1st Dist.] 1992, orig.
proceeding) (per curiam) (ÂEven a pro se applicant for a writ of mandamus must
show himself entitled to the extraordinary relief he seeks.Â).

Â Â Â Â Â Â Â Â Â Â Â  The
Texas Code of Criminal Procedure expressly provides that a trial courtÂs order
regarding an appeal bond may be appealed.Â 
Tex. Code Crim. Proc. Ann.
art. 44.04(g) (West 2006).Â  Because
Jernigan has a right to appeal the trial courtÂs order, mandamus is not
available.Â  See Ordunez v. Bean, 579
S.W.2d 911, 913Â14 (Tex. Crim. App. 1979) (because appeal is available to
challenge speedy-trial ruling, mandamus not available).Â  

Â Â Â Â Â Â Â Â Â Â Â  We
deny JerniganÂs request for mandamus relief.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  June 9, 2011Â Â Â  

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  June 10, 2011

Â 

Do Not
Publish

Â 











[1]From
the record before us, it appears Jernigan was placed on deferred adjudication
community supervision, subsequently adjudicated and sentenced to five yearsÂ
incarceration.Â  He requested a bond while
he appealed his conviction and sentence, but the trial court denied bond.Â  In the trial courtÂs order, that court stated
its ruling was based on the pendency of another offense alleging assault, and
the potential for Jernigan to commit another offense if released on bond.Â  JerniganÂs appeal of the underlying offense
and sentence is pending before this Court, Jernigan
v. State, cause number 06-10-00221-CR.Â