IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-12,094-08






EX PARTE ROBERT DALE WARE, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 18,121-A IN THE 30TH JUDICIAL DISTRICT COURT OF 

WICHITA COUNTY





 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Penal
Code. Ex Parte Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant was convicted
of rape, and was sentenced to twenty years' imprisonment. Applicant's conviction was
affirmed on direct appeal. Ware v. State, 628 S.W.2d 249 (Tex. App. - Ft. Worth, delivered
February 10, 1982, pet. ref'd.)

 Applicant contends that he has been denied time credit toward the expiration of his
sentence for time spent in confinement pursuant to a pre-revocation or blue warrant.

 The trial court has not entered findings of fact or conclusions of law. Because we
believe that Applicant has stated facts requiring resolution, and because this Court cannot
hear evidence, it is necessary for the matter to be remanded to the trial court for resolution. 
Applicant has alleged facts which, if true, might entitle him to relief. Ex parte Canada, 754
S.W.2d 660, 668 (Tex. Crim. App. 1988). Therefore, it is this Court's opinion that additional
facts need to be developed, and that because this Court cannot hear evidence, the trial court
is the appropriate forum. 

 The trial court shall resolve those issues as set out in Article 11.07, Section 3(d) of the
Texas Code of Criminal Procedure, in that it shall order the Texas Board of Pardons and
Paroles and/or the Texas Department of Criminal Justice, Institutional Division to file an
affidavit addressing whether Applicant was in custody pursuant to a pre-revocation warrant
prior to the revocation of his supervised release on December 5, 2003. If a pre-revocation
warrant was issued prior to that date, the affidavit shall address the date any such warrant was
issued and executed. The affidavit shall also address whether Applicant received time credit
for the period of time he was in custody under any such pre-revocation or blue warrant. The
trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and the Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact as to whether Applicant was ever in custody pursuant to a pre-revocation or blue
warrant, and if so, whether Applicant received the correct amount of credit for the period of
time he spent in confinement. The trial court shall also make any further findings of fact and
conclusions of law which it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issue shall
be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within one hundred
and twenty days of the date of this order. (2)




DELIVERED: August 30, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.